W. F. WHALEY v. THE STATE.

1. CHARGE OF THE COURT. — In a trial for felony, the charge should give to the jury the law applicable to every conclusion which the jury may legitimately deduce from the evidence. When a distinct defence is disclosed, and there is any evidence tending to establish it, the law relevant thereto should be directly and pertinently applied by the charge, and a mere collocation of statutory definitions does not suffice.

2. SAME — PRACTICE. — If exception was duly taken to an erroneous charge, or if a proper instruction was requested and refused, the error is cause for reversal. And though no exception or special instruction was interposed in the court below, yet if it appears that the error in the charge prejudiced the rights of the defendant, the conviction will be set aside.

APPEAL from the District Court of Clay. Tried below before W. J. SPARKS, Esq., Special Judge.

*C. C. & C. L. Potter*, and *Walton, Green & Hill*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. The appellant was convicted of an assault to murder. He relied upon the fourth subdivision of art. 597 of the Code to reduce the offence to manslaughter if death had ensued, and consequently aggravated assault and battery.

There was evidence of insulting words and conduct of the person shot towards a female relative of defendant. The party shot had, but a short time before the assault, used the most insulting and slanderous language towards a lady, the relative of defendant, of unblemished character (according to the evidence).

Defendant did not deny that he shot the prosecutor, but rested his defence upon the fourth subdivision of art. 597, Penal Code. As a part of the instructions of the court we find this : "I will further explain to you what will reduce a homicide to manslaughter." Then follows a charge to the jury of all the law of manslaughter, by giving the statutory definition. In this statutory history of manslaughter the fourth subdivision of art. 597 comes in with the rest, and received just such, and no more attention than its neighbors. The only attempt, if it can be termed such, to apply the law directly and pertinently to the defence relied on by defendant, and indicated by the evidence, is found in this part of the charge : " But if, from the facts and circumstances in evidence before you, you find that the killing (had death resulted) would, under the circumstances, have reduced the homicide to manslaughter, under the instructions and definitions above given, you will find

the defendant guilty of an aggravated assault and battery.''
'' Under the instructions and definitions above given '' (referring to all given on manslaughter), the minds of the jurors are directed to all the law of manslaughter.

By the first subdivision of art. 594, '' the provocation must arise at the time of the commission of the offence.'' Is that necessary under the fourth subdivision of art. 597? Not by any means.

This was calculated to confuse the minds of the jurors; the charge should be confined to the case made by the evidence. The appellant excepted to the charge at the proper time; and as the charge, though slightly, tended to confuse the jury and distract their attention from the vital issue, and may have in this manner injured the rights of the defendant, we deem it erroneous. The court failing to charge the law applicable to the case as made by the evidence, the defendant, by special charge, requested the court to apply the law applicable to his defence. This the court refused, to which the defendant excepted.

What is the rule of law applicable to this state of case? The rule requires the court to apply the law by a proper charge to every conclusion deducible from the evidence, whether asked or not.

If asked and refused, and there is any evidence tending, though slightly, to establish a defence, defendant is entitled to a charge directly on the question or point. *Bishop* v. *The State*, 43 Texas, 390 ; *Heath* v. *The State*, 7 Texas Ct. App. 464. Nor will a charge composed of statutory definitions, generally applied, suffice. The point must be brought to the front by a charge pointedly and pertinently calling the attention of the jury to the same. This the court was *requested* to do, but failed ; to which the defendant *excepted.* In this we think the court erred.

We are not to be understood to rule that this error would not be revised if the defendant had not excepted or asked special charges. See this question discussed by Judge Rob-

erts in the case of *Bishop* v. *The State*, 43 Texas, 390. See also *Vincent* v. *The State*, *ante*, p. 303.

For the above errors the judgment is reversed and remanded.

*Reversed and remanded.*